FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 08 2024

KEVIN P WEIMER, Clerk
By: _____ Deputy Clerk
Emily Ross

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
## DIVERSITY OF CITIZENSHIP

*Civil Action at Law for Aggravated Torts of False Imprisonment, Assault, Slander and Libel seeking Twelve Billion Dollars in Exemplary Damages; Jury Trial Demanded*

| | |
|---|---|
| TAMAH JADA CLARK, **PLAINTIFF** | * * * * |
| Vs. | * * 1:24-CV-0116 |
| THE "STATE OF FLORIDA", ESCAMBIA COUNTY SHERIFF CHIP SIMMONS (OFFICIAL AND PERSONAL CAPACITIES), **DEFENDANTS** | * * * * * * |

**Thursday, January 4, 2024**

*For the Spirit of the Lord filleth the world: and that which containeth all things hath knowledge of the voice. Therefore he that speaketh unrighteous things cannot be hid: neither shall vengeance, when it punisheth, pass by him. For inquisition shall be made into the counsels of the ungodly: and the sound of his words shall come unto the Lord for the manifestation of his wicked deeds.* Wisdom of Solomon 1:7-8

## STATEMENT OF CLAIM

COMES NOW TAMAH JADA CLARK, appearing specially,[1] "PLAINTIFF", seeking exemplary damages against DEFENDANT the "STATE OF FLORIDA" and ESCAMBIA

---

[1] "The power to declare the rights of individuals and to measure the authority of governments... 'is legitimate only in the last resort, and as a necessity in the determination of real, earnest and vital controversy.'... Otherwise, the power 'is not judicial ... in the sense in which judicial power is granted by the Constitution to the courts of the United States." *Centre for Independence of Judges v. Mabey*, 19 B.R. 635, 640 (D. Utah 1982)

1

COUNTY SHERIFF CHIP SIMMONS for aggravated false imprisonment, [2] assault, [3] slander and libel, [4] at Law; whereas DEFENDANTS did:

(1)

Maliciously, and *vi et armis*, assault PLAINTIFF, and with intent to injure, directed, caused, and procured forcible arrest and restraint of liberty of PLAINTIFF against PLAINTIFF's will, [5] [6] for the space of one year and six months, without any reasonable or probable cause whatever, and without any right or authority to do so, to PLAINTIFF's damage;[7] and,

---

[2] "False imprisonment is a wrong akin to the wrongs of assault and battery, and consists in imposing, by force or threats, an unlawful restraint upon a man's freedom of locomotion... The wrong may be committed by words alone or by acts alone, or by both, and by merely operating on the will of the individual or by personal violence, or by both. It is not necessary that the individual be confined within a prison or within walls, or that he be assaulted or even touched. It is not necessary that there should be any injury done to the individual's person, or to his character, or reputation. Nor is it necessary that the wrongful act be committed with malice or ill will, or even with the slightest wrongful intention. Nor is it necessary that the act be under color of any legal or judicial proceeding. All that is necessary is that the individual be restrained of his liberty without any sufficient legal . cause therefor, and by words or acts which he fears to disregard." [COOLEY Law of Torts PP. 296, 297]

[3] "An assault is an attempt, with unlawful force, to inflict bodily injury upon another, accompanied with the apparent ability to give effect to the attempt if not prevented." [COOLEY, Law of Torts P. 278]

[4] "Slander is a private wrong or tort, cognizable by the common law, the remedy for which is a civil action formerly known as an " action on the case for words," and now as an action or the action of or for slander. Libel is both a public wrong or crime and a private wrong or tort, cognizable by the common law. The remedy for the public wrong is by indictment or criminal information. The remedy for the private wrong is a civil action, now known as an action or the action of or for libel." (Inner notes omitted) John Townshend. *A Treatise on the Wrongs Called Slander and Libel* §§ 8, 9 (3rd ed. 1877).

[5] "False arrest and false imprisonment as causes of action are indistinguishable. The only distinction lies in the manner in which they arise. False arrest is merely one means of committing a false imprisonment. False imprisonment may be committed without any thought of attempting arrest... An `arrest' is the taking, seizing, or detaining of the person of another either by touching, or putting hands on him, or by any act which indicates an intention to take him into custody and subject the person arrested to the actual control and will of the person making the arrest". *Harrer v. Montgomery Ward*, 124 Mont. 295, 305 (Mont. 1950)

[6] "The action for false imprisonment is in the nature of a trespass for a wrong or illegal act in which the defendant must have personally participated directly or by indirect procurement. The gist of it is an unlawful detention, and that being shown the burden is on the defendant to establish probable cause for the arrest." *Director General v. Kastenbaum*, 263 U.S. 25, 27 (1923)

[7] "A well established principle of law is that all who, 'by direct act or indirect procurement, personally participate in, or proximately cause, the false imprisonment or unlawful detention are liable therefor.... And as to each participant, the law is unconcerned with the extent or degree of his activity when it comes to consider the question of liability, and places all on the same footing, each equally liable jointly and severally. And this is true, regardless of whether a conspiracy to do the act theretofore had been entered into. If a party authorizes, encourages, directs, or assists an officer to do an unlawful act, or procures an unlawful arrest without process or participates in the unlawful arrest or imprisonment, such party is liable. If a party authorizes, encourages, directs, or assists an officer to do an unlawful act, or procures an unlawful arrest without process or participates in the

(2)

Maliciously, falsely slander PLAINTIFF orally and written, [8] and subsequently published said slanders as libels injurious to PLAINTIFF in name, fame, trade, and profession with evil motive, actual malice, and deliberate oppression. **Jury trial is demanded**.

## JURISDICTION AND VENUE

I.

All parties are citizens of the United States, [9] [10] [11] there is complete diversity between PLAINTIFF and DEFENDANTS within the meaning of Article III for purposes of invoking original jurisdiction thereunder, [12] [13] notwithstanding 28 U.S.C. § 1332; [14] and the amount in controversy is twelve billion dollars.

---

unlawful arrest or imprisonment, such party is liable." *Harrer v. Montgomery Ward*, 124 Mont. 295, 302-03 (Mont. 1950)

[8] "Different definitions of slander are given by different commentators upon the subject; but it will be sufficient to say that oral slander, as a cause of action, may be divided into five classes, as follows: (1.) Words falsely spoken of a person which impute to the party the commission of some criminal offence involving moral turpitude, for which the party, if the charge is true, may be indicted and punished. (2.) Words falsely spoken of a person which impute that the party is infected with some contagious disease, where, if the charge is true, it would exclude the party from society; or (3.) Defamatory words falsely spoken of a person, which impute to the party unfitness to perform the duties of an office or employment of profit, or the want of integrity in the discharge of the duties of such an office or employment. (4.) Defamatory words falsely spoken of a party which prejudice such party in his or her profession or trade. (5.) Defamatory words falsely spoken of a person, which, though not in themselves actionable, occasion the party special damage." *Pollard v. Lyon*, 91 U.S. 225, 226 (1875)

[9] "In this term 'citizen of the United States,' are included two fundamental concepts, bound together and interacting, viz., the concept of "the United States" as a corporate entity... and the concept of the several States as a collective body". *United States v. Wheeler*, 254 U.S. 281, 285 (1920)

[10] "[A] corporation is 'capable of being treated as a citizen of [the State which created it], as much as a natural person.'... 'those who use the corporate name, and exercise the faculties conferred by it,' should be presumed conclusively to be citizens of the corporation's State of incorporation." Carden v. Arkoma Associates, 494 U.S. 185, 188 (1990)

[11] In other words, when a suit is brought... by or against a corporation, the court with reference to the question of jurisdiction, depending on the character of the parties, overlooks the artificial person, the mere legal entity, which cannot be either citizen or alien, and regards only the natural persons of whom it is composed. They are the substance, the real parties; the corporate character and style are only the form and name under which they are presented. Louisville Rail-Road Company v. Letson, 43 U.S. 497, 500 (1844)

[12] "The words of the act of congress are, 'where an alien is a party; or the suit is between a citizen of a state where the suit is brought, and a citizen of another state.'" *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)

[13] *See* Judiciary Act of 1789, ch. 20, § 11, 1 Stat. 78

[14] "The complete diversity requirement is not mandated by the Constitution" *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005)

3

## II.

Tort action at common law requires application of state Law. [15][16] [17] *Well Works v. Layne*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action.")

## III.

The court is bound by state Law. [18] [19] *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) ("federal courts sitting in diversity cases, when deciding questions of "substantive" law, are bound by state court decisions as well as state statutes. The broad command of *Erie* was therefore identical to that of the Enabling Act: federal courts are to apply state substantive law and federal procedural law.")

## IV.

---

[15] "Civil actions for slander and libel developed in early ages as a substitute for the duel and a deterrent to murder. They lie within the genuine orbit of the common law, and in the distribution of American sovereignty they fall exclusively within the jurisdiction of the states." Brant, The Bill of Rights: Its Origin and Meaning 502-503 (1965).

[16] "It is now settled that States 'have power to legislate against what are found to be injurious practices in their internal commercial and business affairs, so long as their laws do not run afoul of some specific federal constitutional prohibition, or of some valid federal law.'" *Ferguson v. Skrupa*, 372 U.S. 726, 730-31 (1963)

[17] "In the thirty-fourth section of the judiciary act of 1789, it is provided, "that the laws of the several states, except where the constitution, treaties, or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."" *M'Cluny v. Silliman*, 28 U.S. 270, 277 (1830)

[18] "From these consideration the Congress wisely enacted, 'That the laws of the several' States, except where the constitution, treaties, or statutes, of 'the United States shall otherwise require or provide, shall be' regarded as rules of decision in trials at common law in the 'courts of the United States, in cases where they apply.' This adoption of the State laws, extends as well to the unwritten, as to the written law; — to the law arising from established usage and judicial determinations, as well as to the law created by positive acts of the Legislature." *Brown v. Braam*, 3 U.S. 344, 352 (1797)

[19] "In the ordinary use of language it will hardly be contended that the decisions of Courts constitute laws. They are, at most, only evidence of what the laws are; and are not of themselves laws. They are often re-examined, reversed, and qualified by the Courts themselves, whenever they are found to be either defective, or ill-founded, or otherwise incorrect.The laws of a state are more usually understood to mean the rules and enactments promulgated by the legislative authority thereof, or long established local customs having the force of laws." *Swift v. Tyson*, 41 U.S. 1, 18 (1842)

4

Notwithstanding Article I, [20] [21][22] PLAINTIFF invokes the court's limited Article III jurisdiction. [23][24] *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 45 (1996) ("Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction") [25]

V.

DEFENDANTS are ineligible for Eleventh-Amendment protections and exemptions, at Law;[26] the Court is bound to exercise Article III jurisdiction as heretofore specified, on penalty of TREASON for refusal. (*Cohens v. Virginia*, 19 U.S. 264, 404 (1821) ("It is most true that [a] Court will not take jurisdiction if it should not but it is equally true, that it must take jurisdiction if it should. The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the constitution. We cannot pass it by because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it be brought before us. We have no more right to decline the exercise of jurisdiction which is given, than to

---

[20] "The courts of the District of Columbia are created by Congress by virtue of its authority 'to exercise exclusive legislation in all cases whatsoever over such district.' Const., Art. I, § 8, clause 17. In this respect the courts of the District are to be classed with the territorial courts." *United States v. Evans*, 213 U.S. 297, 298 (1909)

[21] "Territorial courts are not courts of the United States within the meaning of the Constitution, as appears by all the authorities... Courts of this kind, whether created by an act of Congress or a territorial statute, are not, in strictness, courts of the United States; or in other words, the jurisdiction with which they are invested is not a part of the judicial power defined by the third article of the Constitution". *McAllister v. United States*, 141 U.S. 174, 183 (1891)

[22] "This concurrent jurisdiction which the national government necessarily possesses to exercise its powers of sovereignty in all parts of the United States is distinct from that exclusive power which, by the first article of the Constitution, it is authorized to exercise over the District of Columbia, and over those places within a State which are purchased by consent of the legislature thereof, for the erection of forts, magazines, arsenals, dock-yards, and other needful buildings." *Ex Parte Siebold*, 100 U.S. 371, 395 (1879)

[23] "This limitation upon the judicial power is, without question, a reflection of concern for the sovereignty of the States, but in a particularly limited context ... Because of the problems of federalism inherent in making one sovereign [subject to] ... the other, a restriction upon the exercise of the federal judicial power has long been considered to be appropriate". *Employees v. Missouri Public Health Dept*, 411 U.S. 279, 293-94 (1973)

[24] "The judiciary act was only intended to carry the constitution into effect, and cannot amplify, or alter, its provisions." *Mossman v. Higginson*, 4 U.S. 12, 13 (1800)

[25] "If it had been intended to leave it in the discretion of the legislature to apportion the judicial power ... according to the will of that body, it would certainly have been useless to have proceeded further than to have defined the judicial power, and the tribunals in which it should be vested." *Marbury v. Madison*, 5 U.S. 137, 174 (1803)

[26] "Sovereign States may not be sued without their consent, but by the federal Constitution the States submitted themselves to the judicial power of the Union in many named cases. It was expressly extended to controversies between two or more States; between a State and citizens of another State, and between a State and foreign states, citizens or subjects... Upon no principle of construction can the limitation be applied to other cases. No change in the Constitution was made in any other respect." *Hans v. Louisiana*, 134 U.S. 1, 5-6 (1890)

Internal Filing ID:
GA-USD-NDG-01.04.2024-F1

usurp that which is not given. The one or the other would be treason to the constitution. Questions may occur which [a Court] would gladly avoid, but [a Court] cannot avoid them. All [a Court] can do is, to exercise [a Court's] best judgment, and conscientiously to perform [a Court's] duty." )

## PARTIES

### I.

PLAINTIFF is a Hebrew-American citizen of the state of Georgia with protection of inherent rights under the state's Constitution and Laws independent of the Fourteenth Article of Amendment to the Federal Constitution. [27]

### II.

DEFENDANTS are citizens of the State of Florida operating in a private corporate, non-sovereign capacity as an "artificial person" rather than an "organized political community." *Missouri, Kansas & Texas Railway Co. v. Missouri Railroad & Warehouse Commissioners*, 183 U.S. 53 (1901). DEFENDANTS are not citizens within the original meaning of Article III,[28] yet are liable for acts prohibited by Law. [29] [30]

---

[27] "In all the States, from the beginning down to the establishment of the Articles of Confederation, the citizens possessed the right, inherent in citizens of all free governments, peacefully to dwell within the limits of their respective States, to move at will from place to place therein, and to have free ingress thereto and egress therefrom...It is important to emphasize the fact (as we claim) that federal citizenship, with all its main privileges and immunities, came from the very fact of the institution of the new government under the Constitution, and not from the Fourteenth Amendment. Of this there can be no possible doubt." United States v. Wheeler, 254 U.S. 281, 283-84 (1920)

[28] "[i]in reaffirming 'the doctrinal wall of *Chapman* v. *Barney*,' we explained *Russell* as a case resolving the distinctive problem 'of fitting an exotic creation of the civil law . . . into a federal scheme which knew it not.' 382 U.S., at 151. There could be no doubt, after *Bouligny* that at least common-law entities (and likely all entities beyond the Puerto Rican *sociedad en comandita*) would be treated for purposes of the diversity statute pursuant to what *Russell* called '[t]he tradition of the common law,' which is 'to treat as legal persons only incorporated groups and to assimilate all others to partnerships.'" *Carden v. Arkoma Associates*, 494 U.S. 185, 190 (1990)

[29] "The common law has established a principle, that no prohibitory act shall be without its vindicatory quality; or, in other words, that the infraction of a prohibitory law, although an express penalty be omitted, is still punishable." *Chisholm Ex'r. v. Georgia*, 2 U.S. 419, 422 (1793)

[30] "The maxim of law, that wherever there is a right there is a remedy, is a mere truism; for, as Lord Holt has said, 'it is a vain thing to imagine a right without a out a remedy ; for want of right and want of remedy are reciprocal.'... 'Wherever there is a valuable right and an injury to it, with consequent damage, the obligation is upon the law to

6

Internal Filing ID:
GA-USD-NDG-01.04.2024-F1

### III.

Federal Rules of Civil Procedure do not alter the jurisdiction of U.S. District Courts; substantive rights of PLAINTIFF may not be diminished, [31][32] nor those of DEFENDANTS enlarged.[33] *Bank United States v. Deveaux*, 9 U.S. 61, 73 (1809) ("A corporation aggregate is an *artificial, invisible* body, existing only in *contemplation of law*. It has no analogy to a natural person. It has no organ but its *seal*... It cannot be a citizen of any state, because it cannot owe allegiance.")

## **CAUSE OF ACTION**

### I.

On or around July 19, 2022, DEFENDANTS did, at Marietta, Cobb county, maliciously, and *vi et armis*, assault PLAINTIFF, and with intent to injure, directed, caused, and procured forcible arrest and restraint of liberty of PLAINTIFF against PLAINTIFF's will. [34]

---

devise and enforce such form and mode of redress as will make the most complete reparation.'" Thomas M. Cooley. *A Treatise on the Law of Torts or the Wrongs which Arise Independently of Contract* pp 23, 24. (3rd ed. 1906).

[31] "While the ancient forms of action are now abolished, all the various remedies known to the law still remain, and are administered through the medium of the single civil action of the code quite as certainly and much more speedily than under the former practice." *Wilcox v. Saunders*, 4 Neb. 587 (1876).

[32] "The code has not changed the principles by which courts determine the rights, duties and liabilities of the parties to an action. They remain as before its adoption ; therefore , in stating a cause of action it must appear from the facts alleged that there is a liability of the defendant to the plaintiff to enforce which he is entitled to invoke the aid of the court. To enforce or protect these rights, all the remedies known, either at law or in equity, still remain to a party, and may be speedily applied by the court through the single civil action of the code." Samuel Maxwell. A Treatise on the Law of Pleading, p. 8 (1892).

[33] "Neither Federal Rule of Civil Procedure 17(a), captioned 'Real Party in Interest,' nor Rule 19, captioned 'Joinder of Persons Needed for Just Adjudication,' requires plaintiffs or defendants to name and join any additional parties to this action. Both Rules, we note, address party joinder, not federal-court subject-matter jurisdiction. See Rule 82 ('[The Federal Rules of Civil Procedure] shall not be construed to extend or limit the jurisdiction of the United States district courts. . . .'); Advisory Committee's Notes on Fed. Rule Civ. Proc. 19, 28 U. S. C. App., pp. 696-698. Rule 17(a) directs that '[e]very action shall be *prosecuted* in the name of the real party in interest.' (Emphasis added.) That Rule, as its text displays, speaks to joinder of *plaintiffs*, not defendants." *Lincoln Prop. v. Roche*, 546 U.S. 81, 90 (2005)

[34] "The action for false imprisonment is in the nature of a trespass for a wrong or illegal act in which the defendant must have personally participated directly or by indirect procurement. The gist of it is an unlawful detention, and that being shown the burden is on the defendant to establish probable cause for the arrest." *Director General v. Kastenbaum*, 263 U.S. 25, 27 (1923)

7

a. DEFENDANT CHIP SIMMONS made contact with PLAINTIFF and verbally threatened to forcibly arrest and imprison PLAINTIFF at gunpoint.
b. DEFENDANT CHIP SIMMONS stated he was acting at the behest of and clothed with the purported authority of CO-DEFENDANT the "STATE OF FLORIDA".
c. DEFENDANTS CHIP SIMMONS and the "STATE OF FLORIDA" put PLAINTIFF in fear of irreparable, permanent, and immediate physical harm.
d. PLAINTIFF expressly—verbal and written—informed DEFENDANTS of the illegality of their actions before, during, and after the July 2022 encounter, which they willfully and mockingly rejected in the presence of several witnesses—demonstrating DEFENDANTS' aggravated, calculated intent to injure PLAINTIFF with evil motive, actual malice, and deliberate oppression.
e. PLAINTIFF has suffered restraint of personal liberty in Georgia for one year and six months contrary to the Constitution and Laws thereof, as well as extreme emotional duress and mental anguish.

II.

On or around July 19, 2022, DEFENDANTS wickedly intending to injure PLAINTIFF, did maliciously utter and publish of and concerning PLAINTIFF, the certain false, scandalous and defamatory matters following. By reason of which PLAINTIFF has been brought into public scandal and disgrace, and greatly injured in good name, fame, trade, and profession.

a. DEFENDANTS falsely and slanderously imputed to PLAINTIFF the indictable offenses of criminal fraud and being a fugitive from justice. DEFENDANTS' words are actionable *per se*. *American Southern Ins. v. Goldstein*, 291 Ga. App. 1 (Ga. Ct. App. 2008)

GA-USD-NDG-01.04.2024-F1

    b. There is a common-law presumption that an individual's reputation is a good one. *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 770 (1986) ("As to falsity, [Georgia] follows the common law's presumption that an individual's reputation is a good one. Statements defaming that person are therefore presumptively false")

    a. PLAINTIFF expressly—verbal and written—informed DEFENDANTS of the falsity and illegality of their accusations before, during, and after the July 2022 encounter, which they willfully and mockingly rejected in the presence of several witnesses— demonstrating DEFENDANTS' aggravated, calculated intent to defame and injure PLAINTIFF with evil motive, actual malice, and deliberate oppression.

    b. DEFENDANTS proceeded to publish their false and slanderous statements that imputed indictable criminal offenses to PLAINTIFF. *Brotherhood of Railroad Trainmen v. Jennings*, 232 Ala. 438, 439 (Ala. 1936) ("It is not necessary that there be direct proof of publication by defendant; any fact established to the satisfaction of the jury from which it legally may be inferred will be sufficient …If defendant write a libel which is in some way subsequently published, this is prima facie publication by defendant. ")

### III.

PLAINTIFF has never been a citizen or resident of the State of Florida; DEFENDANTS are without any authority whatsoever to pursue, arrest, assault, and slander a citizen of Georgia within this State's territorial limits.[35]

### IV.

---

[35] "Prior to the Fourteenth Amendment an exercise of jurisdiction over persons or property outside the forum State was thought to be an absolute nullity, but the matter remained a question of state law over which [a U.S. "State" or federal] Court exercised no authority. With the adoption of that Amendment, any judgment purporting to bind the person of a defendant over whom [a U.S.] court had not acquired *in personam* jurisdiction was void within the State as well as without… [s]ince a State is forbidden to enter a judgment attempting to bind a person over whom it has no jurisdiction". *Hanson v. Denckla*, 357 U.S. 235, 249-50 (1958)

Florida's de jure Legislature never intended, nor did it purport, to institute any ostensible laws that empower DEFENDANTS to exercise any personal or subject-matter jurisdiction over PLAINTIFF and the species of inherent rights violated within Georgia's borders. [36]

V.

An attempt to enforce the "State of Florida's" alleged statutes in abrogation of the State of Georgia's sovereignty is in violation of her rights under the Federal Constitution.[37] *Pennoyer v. Neff*, 95 U.S. 714, 720 (1877) ("The authority of every tribunal is necessarily restricted by the territorial limits of the State in which it is established. Any attempt to exercise authority beyond those limits would be deemed in every other forum, as has been said by this court, an illegitimate assumption of power, and be resisted as mere abuse.")

VI.

A void judgement is a mere nullity incapable of altering the rights, duties, or obligations of PLAINTIFF or DEFENDANTS.[38] *Lubben v. Selective Serv. Sys. L. Bd. No. 27*, 453 F.2d 645,

---

[36] "It is said that this rule should be followed, even in cases where there is neither obscurity nor anything equivocal in the law itself, for the reason that the absurdity of the literal sense of the law does not proceed merely from the obscurity or any other fault in the expression, but from the narrow limits of the human mind, which cannot foresee all cases and circumstances, or include all the consequences of what is ordained; that it is impossible for the Legislature to enter into immensity of detail. It can only make laws in a general manner, and in applying their acts to particular cases, the construction ought to be conformable to the intention of the Legislature. It cannot be presumed that the Legislature intended anything absurd." *Ex parte Ellis*, 11 Cal. 222, 225 (Cal. 1858)

[37] "Jurisdiction in a particular case involves not only the power to hear and determine a given case but also the power to grant the particular relief requested, and every act of the court beyond its jurisdiction is void. ( *J.L. Simmons Co. v. Capital Development Board* (1981), 98 Ill. App.3d 445, 446.) Thus, even if a court is one of general jurisdiction, when its power to act in a particular matter is controlled by statute, the court is governed by the rules of limited jurisdiction, and defects in subject-matter jurisdiction cannot be waived. ( *Arlington Park,* 122 Ill. App.3d at 521.) In exercising jurisdiction over matters made justiciable by statute and having no counterpart in common law or equity, courts must proceed within the strictures of the statute and cannot exceed their statutory authority. " *People ex Rel. Brzica v. Lake Barrington*, 268 Ill. App. 3d 420, 423 (Ill. App. Ct. 1994)

[38] "A void judgment is not entitled to the respect accorded a valid adjudication, but may be entirely disregarded or declared inoperative by any tribunal in which effect is sought to be given to it. It is attended by none of the consequences of a valid adjudication. It has no legal or binding force or efficacy for any purpose or at any place. It cannot affect, impair, or create rights. It is not entitled to enforcement and is, ordinarily, no protection to those who seek to enforce it. All proceedings founded on the void judgment are themselves regarded as invalid. In other words, a void judgment is regarded as a nullity, and the situation is the same as it would be if there were no judgment. It, accordingly, leaves the parties litigant in the same position they were in before the trial." *See* 31 Am. Jur. 91, § 430

649 (1st Cir. 1972) ("A void judgment is one which, from its inception, was a complete nullity and without legal effect.")

## VII.

A direct attack by PLAINTIFF upon void judgements is unnecessary for full restoration of PLAINTIFF's rights, privileges, and immunities.[39] *Elliott v. Peirsol*, 26 U.S. 328, 340 (1828) ("Where a Court has jurisdiction, it has a right to decide every question which occurs in the cause; and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other Court. But, if it act without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal, in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers.")

## VIII.

An action for false imprisonment and assault lies for an arrest under a judgement or warrant void on its face, and every participant in the arrest is liable. [40] [41] *Gelzenlenchter v. Niemeyer*, 64 Wis. 316 (1885) Where a "court has not jurisdiction of the subject-matter, or, having it, has not jurisdiction of the person of the defendant, all its proceedings are absolutely void; neither the members of the court, nor the plaintiff ( if he procured or assented to the

---

[39] "A void order, that is, one entered by a court which lacks jurisdiction over the parties, the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally". *People ex Rel. Brzica v. Lake Barrington*, 268 Ill. App. 3d 420, 424 (Ill. App. Ct. 1994)

[40] "Where the warrant was void upon its face ; where the wrong party was arrested ; or where the time, place or manner of the arrest was not supported by the warrant. In all of these cases the officer executing the warrant, as well as any one assisting in such execution, may be liable." Holden Bovee Schermerhorn. *Essentials to the Principal Actions in Tort at Common Law*, p. 23 (1913)

[41] "Corporations are liable for every wrong they commit, and in such cases the doctrine of *ultra vires* has no application. They are also liable for the acts of their servants while such servants are engaged in the business of their principal, in the same manner and to the same extent that individuals are liable under like circumstances. *Merchants' Bank* v. *State Bank*, 10 Wall. 604. An action may be maintained against a corporation for its malicious or negligent torts, however foreign they may be to the object of its creation or beyond its granted powers. It may be sued for assault and battery, for fraud and deceit, for false imprisonment, for malicious prosecution, for nuisance, and for libel." *National Bank v. Graham*, 100 U.S. 699, 702 (1879)

proceedings) can derive any protection from them when prosecuted by a party aggrieved thereby." *Savacool v. Boughton*, 5 Wend. 170

### IX.

DEFENDANT CHIP SIMMONS is officially and personally liable. *Dynes v. Hoover*, 61 U.S. 65,67 (1857) ("The following well-settled principles of law cannot be controverted: 'That when a court assumes jurisdiction that produces irregular and void decisions 'or have decided on matters beyond and not within their jurisdiction, all is void, and their judgments, or sentences, are regarded in law as nullities. They constitute no justification; and all persons concerned in executing such judgments, or sentences, are trespassers, and liable to an action thereon'…. The law will intend nothing in its favor. The decision of such a tribunal, in a case without its jurisdiction, cannot protect the officer who executes it. The court and the officer are all trespassers.")

## **DAMAGES AND RELIEF**

### I.

PLAINTIFF prays exemplary damages in the amount of twelve billion dollars due to the aggravated nature of the false imprisonment, assault, slander and libel by DEFENDANTS, and the profound effect of such illicit, unconstitutional behavior on the State, the United States, and society as a whole. [42]

### II.

---

[42] "It is the duty of every State to provide, in the administration of justice, for the redress of private wrongs; yet the damages which should be awarded to the injured party are not always readily ascertainable… The general rule undoubtedly is that they should be precisely commensurate with the injury. Yet in England and in this country, they have been allowed in excess of compensation, whenever malice, gross neglect, or oppression has caused or accompanied the commission of the injury complained of. 'The law,' says Sedgwick in his excellent treatise on damages, 'permits the jury to give what it terms punitory, vindictive, or exemplary damages; in other words, blends together the interests of society and of the aggrieved individual, and gives damages, not only to recompense the sufferer but to punish the offender.' The discretion of the jury in such cases is not controlled by any very definite rules; yet the wisdom of allowing such additional damages to be given is attested by the long continuance of the practice." *Missouri Pacific Railway Co. v. Humes*, 115 U.S. 512, 521 (1885)

The aim in awarding damages is to help prevent similar behavior. *Herbert v. Lando*, 441 U.S. 153, 172 (1979) ("Those who publish defamatory falsehoods … are subject to liability, the aim being not only to compensate for injury but also to deter publication of unprotected material threatening injury to individual reputation.") Moreover, "in an action of trespass, or assault and battery, where the law prescribes no limitation as to the amount to be recovered, … the Plaintiff has a right to estimate his damages at any sum" *Wilson v. Daniel*, 3 U.S. 401, 405 (1798)

*They that put their trust in him shall understand the truth: and such as be faithful in love shall abide with him: for grace and mercy is to his saints, and he hath care for his elect. But the ungodly shall be punished according to their own imaginations, which have neglected the righteous, and forsaken the Lord.* Wisdom of Solomon 3:9-10

/s/

TAMAH JADA CLARK
**PLAINTIFF**

1880 Braselton Hwy
Suite 118 #5018
Lawrenceville, Ga 30043

Tel: 1(888) 256-6692 ext. 777
Fax: 1(888) 352-1570
E-mail: CommonLaw119@gmail.com

13